UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JIMMY DURAND HATTEN,

    Plaintiff,

v.                                        Case No:   2:13-cv-680-FtM-38DNF

FORT MYERS POLICE
DEPARTMENT and JAMES
CODDING,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendants' Motion to Dismiss, Alternative Motion for a More Definite Statement, and Incorporated Memorandum of Law (Doc. #31) filed on January 9, 2014. Although given the opportunity, *pro se* Plaintiff Jimmy Durand Hatten has not filed an objection. The motion is now ripe for review.

## Background

Hatten initiated this matter in this court on September 23, 2013, by filing a complaint against a John Doe defendant and the Fort Myers Police Department (hereinafter "FMPD"). (Doc. #1). Thereafter, Hatten filed an Amended Complaint against Defendants James Codding and FMPD on October 17, 2013. (Doc. #14, at 5). The operative complaint alleges Hatten was walking on Cleveland Avenue (in Fort Myers,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Florida) on July 3, 2011, when a Fort Myers Police Officer, Codding, pulled his police car beside Hatten. (Doc. #14, at 5-6). During this time, Codding asked Hatten for his name. (Doc. #14, at 6). Codding next moved away from the police car and then grabbed Hatten, handcuffed Hatten,[2] and searched Hatten. (Doc. #14, at 6). Thereafter, Codding took Hatten to the FMPD facility and then to the city jail. (Doc. #14, at 6). Although "forcibly" arrested, criminal charges were never filed against Hatten, Hatten was not brought before a Court, and Hatten was in jail for no reasonable course. (Doc. #14, at 6). The Complaint alleges FMPD is responsible for the incident even though Codding was the moving force behind FMPD. (Doc. #14, at 8).[3]

The Complaint alleges Hatten was unlawfully and maliciously arrested and falsely imprisoned. (Doc. #14, at 8, 9). The Complaint alleges Codding and FMPD abridged Hatten of his civil rights pursuant to the Fourteenth Amendment of the United States Constitution (Doc. #14, at 5). The Complaint indicates that individuals have a right to be secure in their person, houses, papers, and from unreasonable searches and seizures. (Doc. #14, at 12). In addition, the Complaint states the Eighth Amendment was violated because excessive bail cannot be required, excessive fines cannot be imposed, and cruel and unusual punishment cannot be inflicted. (Doc. #14, at 12). The Complaint also indicates that there is a right to life liberty and security of person. (Doc. #14, at 12). Lastly, the Complaint indicates no one shall be subjected to torture or to cruel, inhuman, or degrading treatment or punishment. (Doc. #14, at 12).

---

[2] The Complaint alleges the handcuffs were too tight and that Hatten expressed this to the arresting officer. (Doc. #14, at 6).
[3] The Court interprets "moving faces" in the Amended Complaint to mean "moving forces." (See Doc. #14, at 8).

For relief, Hatten is seeking monetary damages, including punitive damages. (Doc. #14, at 6-7, 9, 10). Hatten states he has been emotionally harmed and has suffered mental anguish, mental distress, mental suffering, embarrassment, anger, disappointment, shame, humiliation, and fright. (Doc. #14, at 10). On January 9, 2014, Codding and FMPD moved to dismiss this matter pursuant to Rule 12(b) of the Federal Rules of Civil Procedure or in the alternative to require Hatten to file a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. #31). Hatten has not filed a response in opposition.

## Standard

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiffs. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). Under Rule 8 of the Federal Rules of Civil Procedure, stating a claim upon which relief may be granted requires that enough factual matter is pled to make relief plausible. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 561–63, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (aboragating Conley v. Gibson, 355 U.S. 41, 45–46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Although detailed factual allegations are not required, a plaintiff's obligation to provide the "grounds" of his "entitlement" to relief requires more than labels, conclusions, and a formulaic recitation of the cause of action's elements. Id. at 561–63. Thus, a complaint must state more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1268 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

Additionally, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. Id. (citing Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005)). Accordingly, the facts as pled must state a claim for relief that is plausible on the face of the pleading. Id. (citing Iqbal, 129 S. Ct. at 1950).

Moreover, Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Therefore, when a defendant is faced with a complaint where it is "impossible to know which allegations of fact are intended to support which claims(s) for relief," a defendant may turn to Rule 12(e) to require a plaintiff to file an amended pleading with a more definite statement. Anderson v. District Bd. of Trustees of Cent. Florida Community College, 77 F.3d 364, 366 (11th Cir. 1996). Pleadings containing definite statements permit a defendant to discern what a plaintiff is claiming, a defendant to frame a proper responsive pleading, and a court to manage its docket with greater ease. Id. Even though *pro se* pleadings are construed liberally, they must also comply with the procedural rules that govern pleadings.[4] Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam)); Beckwith v. Bellsouth Telecommunications Inc., 146 Fed.Appx. 368, 371 (11th Cir. 2005).

---

[4] See also Rule 10(b) of the Federal Rules of Civil Procedure that requires the allegations of a claim "be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances … [and] [e]ach claim found upon a separate transaction or occurrence … shall be stated in a separate count." Fed. R. Civ. P. 10(b). See also Rule 8(a)(2) of the Federal Rules of Civil Procedure that requires a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

**Discussion**

Defendants assert Hatten has not articulated a claim pursuant to 42 U.S.C. § 1983 because Hatten has not alleged a constitutional violation that was caused by enforcement of a policy or custom. Instead, Defendants assert Hatten has only made vague and ambiguous references to his constitutional rights and has not expressly stated how his rights may have been violated. Defendants contend even if liberally construed by the Court and viewed in a light most favorable to Hatten, the Complaint fails to allege facts that state a claim upon which relief can be granted.

In addition, Defendants contend that FMPD is not a proper party to the instant matter because "police departments are not usually considered legal entities subject to suit." (Doc. #31, at 5) (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)). Further, Defendants assert that Florida courts have found "[w]here a police department is an integral party of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to [a § 1983] suit." (Doc. #31, at 5) (citing Eddy v. City of Miami, 715 F.Supp. 1553, 1556 (S.D. Fla. 1989)). Accordingly, Defendants assert FMPD should be dismissed from this matter.

Hatten has drafted a Complaint that can be construed as a deprivation of rights, privileges, or immunities pursuant to Section 1983. Von Stein v. Brescher, 904 F.2d 572, 578 (11th Cir. 1990) (citing Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103 (1989)). Hatten has a right not to be arrested without probable cause. Von Stein, 904 F.2d at 578 (citing Motes v. Myers, 810 F.2d 1055 (11th Cir. 1987). And a violation of this Fourteenth Amendment right may give rise to a claim for damages pursuant to Section 1983. Id. The Complaint sufficiently alleges that Codding arrested Hatten without

probable cause, and accordingly, the Court finds this is sufficient to maintain a Section 1983 claim against Codding.

Nonetheless, despite viewing the Complaint liberally and in a light favorably to Hatten, a claim has not properly been alleged against FMPD. The Complaint does not allege Hatten's constitutional rights were violated as a result of FMPD's custom or policy. See Rosa v. City of Fort Myers, No. 2:05-cv-481-FtM-29SPC, 2007 WL 3012650, at *6 (M.D. Fla. Oct. 12, 2007) (explaining in order to establish municipal liability a plaintiff must show that his constitutional rights were violated pursuant to a municipality custom or policy that caused a violation of plaintiff's constitutional rights). And FMPD cannot be held liable for Codding's conduct pursuant to vicarious liability. Rosa, 2007 WL 3012650, at *6. Further, "Florida courts have consistently found that City Police Departments are not entitles capable of suit." Id. (citing Eddy v. City of Miami, 715 F. Supp. 1553 (S.D. Fla. 1989); Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D. Fla. 1990); Pierre v. Schlemmer, 932 F. Supp. 278 (M.D. Fla. 1996); Florida City Police Dep't v. Corcoran, 661 So.2d 409 (Fla. 3d DCA 1995)). Accordingly, here FMPD is not an entity capable of being sued. Rosa, 2007 WL 3012650, at *8 (explaining that the City of Fort Myers is the proper defendant because FMPD is part of the City of Fort Myers). The motion to dismiss is due to be granted with regard to FMPD.

Lastly, the Court finds it is unnecessary for Hatten to file a more definite statement. The allegations are sufficient now to maintain a Section 1983 claim against Codding. Accordingly, the alternative motion for a more definite statement is due to be denied.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss, Alternative Motion for a More Definite Statement, and Incorporated Memorandum of Law ([Doc. #31](#)) is **GRANTED in part** and **DENIED in part**.

    a. The motion is granted in that the Fort Myers Police Department is **DISMISSED** from this matter.

    b. In all other respects, the motion is denied.

2. Plaintiff shall have until **March 25, 2014**, to file a second amended complaint correcting the deficiencies noted herein. Failure to timely file the second amended complaint will result in dismissal, without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of March, 2014.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record